1   Susan S. Ford, OSB No. 842203
    Thomas W. Stilley, OSB No. 883167
2   SUSSMAN SHANK LLP
    1000 SW Broadway, Suite 1400
3   Portland, OR 97205-3089
    Telephone: (503) 227-1111
4   Facsimile: (503) 248-0130
    E-Mail: sford@sussmanshank.com
5
        Attorneys for Stephen Fritz, M.D., creditor
6

7

8
                IN THE UNITED STATES BANKRUPTCY COURT
9
                           DISTRICT OF OREGON
10
    In re:                              )    Case No. 22-30228-thp11
11                                       )
    AAIM Care, LLC,                      )    MOTION FOR ORDER AUTHORIZING
12                                       )    RULE 2004 EXAMINATIONS OF DR.
                                         )    SANJEEV JAIN, RAJEEV JAIN, AND
13            Debtor-in-Possession.      )    CHASE BANK, N.A.
                                         )
14                                       )
                                         )
15  _____ )

                    **CERTIFICATION UNDER LBR 7007-1**
16

17          The undersigned hereby certifies she attempted to confer with Theodore J. Piteo, attorney

18  for Debtor, who did not respond to: (a) a draft request for informal production of documents

    emailed on May 4, 2022 in lieu of examination pursuant to Fed. R. Bankr. Proc. 2004 ("Rule
19
    2004"), which requested production by May 18, 2022; (b) a follow-up email sent May 13, 2022
20
    regarding the May 4, 2022 request; and (c) a telephone message left the morning of May 24, 2022
21
    requesting telephonic conferral regarding the attached request for production of documents to the
22
    Debtor and Affiliates prior to filing this Motion.
23
            With respect to Chase Bank, N. A., the undersigned certifies she conferred telephonically
24
    on two occasions and several times by email with Chase Bank's attorney, Steve Linkon, after
25
    providing a draft request for informal production of documents on May 4, 2022. Chase Bank
26

    **Page 1 of 4** - MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS OF
    DR. SANJEEV JAIN, RAJEEV JAIN, AND CHASE BANK, NA

1    opposes this Motion.

2    The undersigned counsel to Stephen Fritz, M.D. ("Fritz") further understands that

3    Dr. Sanjeev Jain, Rajeev Jain, and CMD Group, LLC are not represented by counsel, and therefore

4    she did not confer with them prior to filing this Motion.

5    **MOTION**

6    Stephen Fritz, M.D. through his counsel of record, moves this Court, pursuant to Rules

7    2004 and 9016, for entry of an order authorizing the examinations of Dr. Sanjeev Jain, Rajeev Jain,

8    and Chase Bank, N.A. concerning the debtor's assets, liabilities, partnerships, and business

9    relationships, including with CMD Group LLC, Dr. Sanjeev Jain, Columbia Asthma and Allergy

10    Clinic I, Inc., Pacifica Medical Group, LLC, and other affiliates and insiders of the Debtor, the

11    Debtor's proposed Chapter 11 Plan, and transfers of the Debtor's money and property prior to the

12    petition date, and requiring the production of documents described on Exhibit A for the Debtor

13    and Exhibit B for Chase Bank, N.A.  A proposed form of Order granting this Motion is attached

14    hereto along with draft Subpoenas.

15    **ARGUMENT AND AUTHORITIES**

16    Fritz is an unsecured creditor in the above case and an interested party. The Debtor has

17    ignored or refused to provide Fritz with documents that may be critical in determining whether

18    this Court should confirm the Debtor's proposed Chapter 11 Plan dated May 1, 2022 (but filed on

19    May 12, 2022) and related issues. The documents and information Fritz seeks from the Debtor

20    were requested in writing on May 4, 2022.

21    Chase Bank was asked to provide documents at about the same time; however, to minimize

22    burden and expense to Chase, Fritz agreed to postpone the Chase production to follow the Debtor's

23    anticipated production, provided that the confirmation hearing currently scheduled for June 27,

24    2022 on the Debtor's proposed Chapter 11 Plan is rescheduled to a later date. The current schedule

25    does not allow sufficient time for Fritz to receive and review the documents requested from the

26    Debtor and Chase, for purposes of determining how to vote on the plan, or to identify and submit

**Page 2 of 4** - MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS OF
DR. SANJEEV JAIN, RAJEEV JAIN, AND CHASE BANK, NA

1    confirmation hearing exhibits in aid of a potential objection to confirmation of the proposed plan.

2    At this time, there are no pending adversary proceedings or contested matters between the

3    Debtor and Fritz or Chase Bank and Fritz. The Debtor met the deadline to file a proposed

4    Chapter 11 Plan under Subchapter V of the Code, but the objection deadline is not until June 20,

5    2022. Debtor should not be permitted to unilaterally deny interested parties information necessary

6    for fair consideration of the proposed plan or the confirmation hearing. Moreover, Fritz's counsel

7    is unaware of any specific deadline by which the Debtor's plan must be confirmed, and therefore

8    a postponement of the confirmation hearing to allow inquiry into the debtor's financial affairs is

9    appropriate and will not prejudice the Debtor.

10   "Rule 2004 permits a party in interest … to examine 'any entity' regarding any 'acts,

11   conduct, or property' or 'liabilities and financial condition' of the debtor or regarding 'any matter

12   which may affect the administration of the debtor's estate.'" *In re Consolidated Meridian Funds*,

13   No. 10-17952, 2013 WL 1501636, at *9 (Bankr. W.D. Wash. Apr. 5, 2013) (quoting Rule 2004).

14   "The purpose of a Rule 2004 examination is to assist a party in interest in determining the nature

15   and extent of the bankruptcy estate, revealing assets, examining transactions and assessing whether

16   wrongdoing has occurred." *In re Recoton Corp.*, 307 B.R. 751, 755 (Bankr. S.D.N.Y. 2004)

17   (citations omitted). Consistent with its purpose, "[t]he scope of Rule 2004 examination is very

18   broad, broader even than discovery under the Federal Rules of Civil Procedure," and "[a]ny third

19   party who has a relationship with a debtor may be made subject to a Rule 2004 investigation." *Id.*;

20   *see also*, *In re Financial Corp. of America*, 119 B.R. 728, 733 (Bankr. C.D. Cal. 1990) ("The scope

21   of Rule 2004 is broad, and an examination pursuant to this rule may extend to third parties who

22   have had dealings with the debtor.") (citations omitted).

23   "By its text, Rule 2004 does not require notice or a hearing before it can be utilized by a

24   party in interest." *In re Consolidated Meridian Funds*, 2013 WL 1501636 at *9 (citations omitted).

25   As a result, "Rule 2004 orders are routinely issued upon the filing of an *ex parte* motion by the

26   [party in interest]." *Id.* "Rule 2004(c) provides that the production of documents may be compelled

**Page 3 of 4** - MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS OF
DR. SANJEEV JAIN, RAJEEV JAIN, AND CHASE BANK, NA

1  as provided in Rule 9016, which incorporates the subpoena power of Rule 45 [of the Federal Rules

2  of Civil Procedure]." *Id.* "Under Rule 2004, therefore, the movant may obtain an *ex parte* order of

3  the court which authorizes the movant's attorney to issue a subpoena under Rule 45." *Id.*

4      Fritz respectfully requests entry of an order requiring the Debtor to produce the documents

5  requested on Exhibit A, attached to this Motion, and for Rajeev Jain and Sanjeev Jain to appear

6  for examination regarding such documents and other matters on a date and time approved by the

7  Court. Likewise, Fritz respectfully requests that Chase Bank be required to produce the documents

8  described on Exhibit B, and that a representative of Chase Bank appear for examination regarding

9  such documents and other matters at a time approved by the Court.

10      WHEREFORE, for the reasons set forth above, Fritz requests the Court enter an order

11  authorizing Fritz to take the Rule 2004 examination of Dr. Sanjeev Jain, Rajeev Jain, and Chase

12  Bank, N.A. and to (1) order Dr. Sanjeev Jain and Rajeev Jain to deliver the documents listed on

13  Exhibit A attached hereto to the undersigned within ten (10) days (or another interval appropriate

14  in the Court's judgment) of the date of entry of an order granting the relief requested; and (2) order

15  that Chase Bank produce the documents listed on Exhibit B (after additional conferral over the

16  documents previously produced by the Debtor) at a time to be determined by the Court.

17      Dated this 26th day of May, 2022.

18                  SUSSMAN SHANK LLP

19                  */s/ Susan S. Ford*
                Susan S. Ford, OSB No. 842203

20                  Attorney for Stephen M. Fritz, M.D.

21

22

23

24

25

26

**Page 4 of 4** - MOTION FOR ORDER AUTHORIZING RULE 2004 EXAMINATIONS OF
DR. SANJEEV JAIN, RAJEEV JAIN, AND CHASE BANK, NA

<u>Requests for Documents and Electronic Information to Debtor AAIM Care LLC, its Affiliates and Insiders (defined below):</u>

A.     DEFINITIONS:

The following definitions and subsections of 11 USC § 101 are incorporated herein by reference, and the entities to which they apply are listed as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC; Columbia Asthma & Allergy Clinic, I, P.C.; Pacifica Medical Group, LLC; Northwest Allergy and Asthma Specialists, LLC; Idaho Allergy, LLC;  CMD Group LLC; Dr. Sanjeev Jain; and Rajeev Jain; their respective predecessors and successors in interest, and any entity doing business under the name "Columbia Allergy", "Columbia Asthma & Allergy Clinic", or "Columbia Asthma & Allergy" or similar names in Oregon, California, Washington and Idaho.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the AAIM Care LLC bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31) "Insider", which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC aka Columbia Asthma & Allergy Clinic I, P. C. ("Columbia"), CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

(32) "Insolvent"

 "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company or corporation affiliated with the Debtor.

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain, CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of the Debtor and/or its Affiliates.

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B.     "DOCUMENTS" for purposes of this request is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1.   Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2.   Originals and all copies of any and all communications;

3.   Writings of any kind or type whatsoever;

4.   Appointments;

5.   Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6.   QuickBooks records of any type, including ESI;

7.   Letters, notices and correspondence;

8.   Charts;

9.   Contracts, leases, loan and credit agreements, security agreements, guarantees and all amendments, assignments and extensions or restatements thereof;

10. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

11. Vouchers, receipts, invoices, bills, orders, billings, and checks;

12. Investigations or incident reports;

13. Files and records;

14. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

15. Computer disks, memories, e-mail, text/SMS messages, or any other computer-generated data; and

16. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

C.   REQUESTS FOR DOCUMENTS/ESI TO DEBTOR, AFFILIATES AND INSIDERS, including, without limitation, Sanjeev Jain, Rajeev Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates:

1. All timesheets and time records reflecting hours actually worked in person by each and every physician employed by or otherwise providing healthcare supervision or services at each clinic and healthcare business owned or operated by the Debtor and all Affiliates of the Debtor from January 1, 2018 through the present, including, without limitation, timesheets and time records reflecting hours worked by Dr. Sanjeev Jain.

2. All financial statements, including balance sheets, profit and loss and income statements, prepared from January 1, 2018 through the present on an individual or a consolidated basis, reflecting the assets and liabilities, income, profits and losses of:

   a. The Debtor;
   b. Each Affiliate of the Debtor;
   c. Dr. Sanjeev Jain; and
   d. Dr. Kiren Jain.

3. All documents, correspondence and electronic communications regarding any and all (a) Paycheck Protection Program Loans, including, including without limitation, the loan in the principal amount of $200,272 made by Chase Bank as reflected in proof of claim 9-1 to AAIM Care, LLC and/or to any Affiliates or Insiders of the Debtor; (b) any and all EIDL loans to Debtor and/or any of its Affiliates; (c) all documents regarding or relating to forgiveness or repayment of such loans, and (d) all transaction reports, bank statements and other documents reflecting deposits, withdrawals, transfers (including ACH) and expenditures of such loaned funds by the Debtor or any Affiliates and Insiders of the Debtor.

4. Documents reflecting the recipient, type and amount of all charges on the Chase Bank Credit Card by AAIM Care LLC prior to the Petition date, including, without limitation, charges included in Chase Bank Proof of Claim No. 5-1.

5. All operating agreements, bylaws, articles of incorporation, and other documents governing the Debtor and each Affiliate of the Debtor, and all amendments and restatements thereof.

6. Employment contracts, salary and benefits information for each physician working for the Debtor's clinics and/or the clinics of each Affiliate of the Debtor, including, without limitation, Dr. Sanjeev Jain, from 2016 through the present.

7. All purchase and sale agreements and related documents for the acquisition of any healthcare business(es) and clinics currently operated by the Debtor, any Insider or Affiliate of the Debtor.

8. Tax returns filed by the Debtor, any Affiliates and Insiders of the Debtor from 2018 through the present.

9. Debtor's general ledger, bank statements, QuickBooks transaction reports and records of any type, reflecting all receipts, payments and transfers of funds by the Debtor or any Affiliate or Insider of the Debtor for the acquisition of additional allergy clinics by any Affiliate or Insider of the Debtor, for "cashflow" purposes" or any other purpose from February 14, 2018 through the present.

   **Note**: This request includes documents and reconciliations reflecting Intercompany Loans between and among the Debtor and any Affiliates or Insiders for any purpose including, without limitation, cashflow issues, shared administrative expenses, the acquisition of clinics and healthcare businesses, and/or funding for tenant improvements from January 2018 through the present.

10. All contracts between, among or involving CMD Group LLC, the Debtor and/or any Affiliates reflecting any agreement to share payroll, expenses, supplies and/or operating costs, and including all documents reflecting any formula or percentage for the allocation of such expenses between the Debtor and Affiliates.

11. All loan and credit agreements between Chase Bank on the one hand, and the Debtor and/or any Affiliate or Insider of the Debtor on the other hand, including without limitation, loans to Columbia Allergy and Asthma Clinic, LLC and successors in interest, from January 2017 through the present, and including the document or documents Debtor or its counsel have referred to as the "Global" loan or credit agreement.

12. QuickBooks records, Debtor's general ledger entries and any other records from February 14, 2018 through the present reflecting (a) the payment history on the

Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Affiliate or Insider of the debtor; and (c) any distributions to Sanjeev Jain.

13. All documents evidencing loans by CMD Group LLC to Debtor and/or any Affiliate or Insider of the Debtor.

14. All documents regarding or relating to the purchase of the Debtor, including its clinics, by Pacifica Medical Group LLC and/or Columbia, including, without limitation, documents and records regarding amount allegedly owed by the Debtor to Columbia and/or Pacifica as reflected on the Debtor's schedules, and all consideration and payments related thereto received by any Insider or Affiliate, including, without limitation, Sanjeev Jain, Columbia and Pacifica.

15. The Debtor's general ledger from February 14, 2018 through the present.

16. Documents reflecting current contact and address information for each creditor of an Affiliate of the Debtor.

17. All documents reflecting any analysis of allegedly avoidable transfers by the Debtor to third parties.

18. Correspondence and ESI reflecting communications regarding any loan or loans made by Chase Bank to the Debtor, or any Insider or Affiliate of the Debtor, including without limitation, borrower correspondence, loan applications, loan and credit agreements, security agreements and guarantees, notices of delinquency, default, acceleration, loan modification, extensions, assignments, workout agreements or forgiveness.

19. All documents regarding or relating to any alleged claim of the Debtor indebtedness of the Debtor to Columbia, Pacifica, CMD Group, LLC and/or Sanjeev Jain.

20. Records, including, without limitation, all QuickBooks transaction reports, loan agreements and promissory notes, reflecting any transfers of money or property of the Debtor to anyone, including a description of the consideration received therefor, from February 14, 2018 through the present.

21. All documents underlying or tending to prove each claim listed as "undisputed" or "liquidated" on the Debtor's Schedules.

22. All written materials relating to any and all assignments or instructions regarding Chase Bank's disbursements of loan advances, lines of credit and repayment thereof, including, without limitation, assignments of any promissory notes.

Documents and Electronic Information  Requests to Chase Bank relating to AAIM Care LLC, its Affiliates and Insiders (as defined below):

I.    DEFINITIONS:
      A.    The definitions of 11 USC § 101 referenced below apply, including additional terms as follows:

      (2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC, Columbia Asthma & Allergy Clinic, I, P.C., Pacifica Medical Group, LLC, Northwest Allergy and Asthma Specialists, LLC, AAIM Care, LLC; Idaho Allergy, LLC, CMD Group LLC,  and their respective predecessors and successors in interest, Sanjeev Jain and Rajeev Jain;

      (5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the bankruptcy case.

      (12) "Debt"

      (13) "Debtor"

      (15)  "Entity"

      (27A)  "Health Care Business"

      (31)  "Insider," which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC and Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

      (32)  "Insolvent"

      "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

      (41) "Person";  also includes any limited liability company  affiliated with the Debtor

      (42) "Petition"

      "Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain,  CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of  Debtor and/or its Affiliates.

       (50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B. The term "Documents" is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2. Originals and all copies of any and all communications;

3. Writings of any kind or type whatsoever;

4. Appointments;

5. Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6. Letters, notices and correspondence;

7. Charts;

8. Contracts, loan and credit agreements, security agreements, guarantees and all assignments, amendments and extensions or restatements thereof;

9. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

10. Evidence of payment including receipts, billing statements and payment history and checks, wires and ACH transfers;

11. Investigations or incident reports;

12. Bank loan files and records;

13. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

14. Electronically stored information of any type, including without limitation,, e-mails, text/SMS messages, or any other computer-generated data; and

15. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

C. Requests for documents to JP Morgan Chase Bank N.A. (hereinafter "Chase Bank"):

1. All credit agreements and loan agreements between Chase Bank and the Debtor or any Affiliate(s) and/or Insiders of the Debtor, including Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P.C., and the loans and extensions of credit dated on or about January 15, 2019, February 12, 2019, February 19, 2019 and March 5, 2020, and all associated guarantees, promissory notes and security agreements related thereto including those attached to Chase Bank Proof of Claim No. 8-1. This request also includes any assignments, renewals, extensions, modifications, amendments replacements and restatements of the foregoing agreements, obligations, promissory notes and guarantees.

2. All non-privileged documents, including, loan applications and supporting documentation, including all balance sheets and financial statements in Chase Bank's possession regarding or relating to the Debtor, and/or any Affiliates and Insiders of the Debtor.

3. Correspondence and electronic communications between representatives of Chase Bank, including, without limitation, Peter H. White[1], and any representative, Insider or Affiliate of the Debtor, regarding or relating to any credit agreements, loan agreements and/or one or more of the loans referenced in Proof of Claim 8-1 from January 1, 2017 through the present.

4. All ledgers and documents reflecting the recipient(s) of each disbursement of money loaned or credit advanced by Chase Bank to Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic I, P. C., or its designee or assignee, including the Debtor and any Insider or Affiliate of the Debtor, by any means from January 1, 2017 through the present.

5. All Guarantees and replacements thereof provided to Chase Bank by any person(s) or entities other than AAIM Care LLC of any indebtedness, debts or liabilities owed to Chase Bank.

6. Chase Bank loan ledgers and records reflecting beginning balance, payment history and all expenditures and transfers of funds with respect to each term note and line of credit note included in Chase Bank Proof of Claim 8-1, including, without limitation, payments to Chase Bank.

7. All notices of non-payment, late payment, maturity and/or default issued by Chase Bank to the Debtor, and/or any Affiliates, and/or Insiders of the Debtor with respect to any loan included in Proof of Claim 8-1.

---

[1] Including in his capacity as a Business Relationship Manager for Chase Bank.

8.  Any and all forbearance agreements, restructuring agreements, amended loan, credit, or security agreements, renewals, modifications, consolidations, extensions, assignments, substitutions, accelerations, deferrals, postponements of any loan obligations and all related correspondence and electronic communications with respect to any loan referenced in Chase Bank Proof of Claim 8-1.

9.  All loan documents, electronic communications and correspondence between Chase Bank, on the one hand, and  Sanjeev Jain, Rajeev Jain, and/or  Kiren Jain, personally or in a representative capacity for Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic I, P. C ("Columbia"), the Debtor, or any Affiliate or Insider of the Debtor, from January 1, 2019 through the present, regarding or relating to a "leveraged buyout" or other transaction resulting in the Debtor becoming indebted to any of its Affiliates or Insiders, including, without limitation, Columbia and/or Pacifica Medical Group.

10. All documents, correspondence and electronic communications regarding the PPP Loan in the principal amount of $200,272 advanced by Chase Bank to AAIM Care, LLC, including, without limitation, all loan-related documents and applications, and all Chase Bank account statements reflecting deposits, withdrawals, transfers (including ACH) and all Debtor's applications and uses of  PPP loan proceeds.

11. All documents regarding or relating to any application for forgiveness of the Debtor's PPP Loan, and any correspondence or electronic communications regarding the denial or granting of any application or request for loan forgiveness.

12.  All documents and correspondence regarding or relating to the purchase by Sanjeev Jain of the health care business/allergy clinic in Idaho previously owned by Dr. Stephen Fritz M. D.

13. All borrowing base certificates, collateral reports and  appraisals related to the loans Chase Bank made to Columbia and/or Columbia's assignees and/or designees as reflected in Proof of Claim 8-1.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ____Oregon____

In re ____AAIM Care, LLC____
          Debtor

Case No. ___22-30228-thp-11___

Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ____Dr. Sanjeev Jain____
*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure.  A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: ___Video and___
Stenographic_____

☐
    *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:
See attached Exhibit A

      The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

                CLERK OF COURT

                                 OR

_____      _____
*Signature of Clerk or Deputy Clerk*      *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing Dr. Stephen Fritz , who issues or requests this subpoena, are:  Susan S. Ford, OSB No. 842203 SUSSMAN SHANK LLP, 1000 SW Broadway, Suite 1400Portland, OR 97205-3089; Telephone:  (503) 227-1111

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because:  _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


  I declare under penalty of perjury that this information is true and correct.

Date:  _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

A.    DEFINITIONS:

The following definitions and subsections of 11 USC § 101 are incorporated herein by reference, and the entities to which they apply are listed as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC; Columbia Asthma & Allergy Clinic, I, P.C.; Pacifica Medical Group, LLC; Northwest Allergy and Asthma Specialists, LLC; Idaho Allergy, LLC;  CMD Group LLC; Dr. Sanjeev Jain; and Rajeev Jain; their respective predecessors and successors in interest, and any entity doing business under the name "Columbia Allergy", "Columbia Asthma & Allergy Clinic", or "Columbia Asthma & Allergy" or similar names in Oregon, California, Washington and Idaho.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the AAIM Care LLC bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31) "Insider", which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC aka Columbia Asthma & Allergy Clinic I, P. C. ("Columbia"), CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

(32) "Insolvent"

 "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company or corporation affiliated with the Debtor.

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain, CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of the Debtor and/or its Affiliates.

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B.    "DOCUMENTS" for purposes of this request is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1.    Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2.    Originals and all copies of any and all communications;

3.    Writings of any kind or type whatsoever;

4.    Appointments;

5.    Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6.    QuickBooks records of any type, including ESI;

7.    Letters, notices and correspondence;

8.    Charts;

9.    Contracts, leases, loan and credit agreements, security agreements, guarantees and all amendments, assignments and extensions or restatements thereof;

10.   Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

11.   Vouchers, receipts, invoices, bills, orders, billings, and checks;

12.   Investigations or incident reports;

13.   Files and records;

14. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

15. Computer disks, memories, e-mail, text/SMS messages, or any other computer-generated data; and

16. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

C.  **REQUESTS FOR DOCUMENTS/ESI TO DEBTOR, AFFILIATES AND INSIDERS**, including, without limitation, Sanjeev Jain, Rajeev Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates:

1. All timesheets and time records reflecting hours actually worked in person by each and every physician employed by or otherwise providing healthcare supervision or services at each clinic and healthcare business owned or operated by the Debtor and all Affiliates of the Debtor from January 1, 2018 through the present, including, without limitation, timesheets and time records reflecting hours worked by Dr. Sanjeev Jain.

2. All financial statements, including balance sheets, profit and loss and income statements, prepared from January 1, 2018 through the present on an individual or a consolidated basis, reflecting the assets and liabilities, income, profits and losses of:

   a.  The Debtor;
   b.  Each Affiliate of the Debtor;
   c.  Dr. Sanjeev Jain; and
   d.  Dr. Kiren Jain.

3. All documents, correspondence and electronic communications regarding any and all (a) Paycheck Protection Program Loans, including, including without limitation, the loan in the principal amount of $200,272 made by Chase Bank as reflected in proof of claim 9-1 to AAIM Care, LLC and/or to any Affiliates or Insiders of the Debtor; (b) any and all EIDL loans to Debtor and/or any of its Affiliates; (c) all documents regarding or relating to forgiveness or repayment of such loans, and (d) all transaction reports, bank statements and other documents reflecting deposits, withdrawals, transfers (including ACH) and expenditures of such loaned funds by the Debtor or any Affiliates and Insiders of the Debtor.

4.  Documents reflecting the recipient, type and amount of all charges on the Chase Bank Credit Card by AAIM Care LLC prior to the Petition date, including, without limitation, charges included in Chase Bank Proof of Claim No. 5-1.

5.  All operating agreements, bylaws, articles of incorporation, and other documents governing the Debtor and each Affiliate of the Debtor, and all amendments and restatements thereof.

6.  Employment contracts, salary and benefits information for each physician working for the Debtor's clinics and/or the clinics of each Affiliate of the Debtor, including, without limitation, Dr. Sanjeev Jain, from 2016 through the present.

7.  All purchase and sale agreements and related documents for the acquisition of any healthcare business(es) and clinics currently operated by the Debtor, any Insider or Affiliate of the Debtor.

8.  Tax returns filed by the Debtor, any Affiliates and Insiders of the Debtor from 2018 through the present.

9.  Debtor's general ledger, bank statements, QuickBooks transaction reports and records of any type, reflecting all receipts, payments and transfers of funds by the Debtor or any Affiliate or Insider of the Debtor for the acquisition of additional allergy clinics by any Affiliate or Insider of the Debtor, for "cashflow" purposes" or any other purpose from February 14, 2018 through the present.

    **Note**: This request includes documents and reconciliations reflecting Intercompany Loans between and among the Debtor and any Affiliates or Insiders for any purpose including, without limitation, cashflow issues, shared administrative expenses, the acquisition of clinics and healthcare businesses, and/or funding for tenant improvements from January 2018 through the present.

10. All contracts between, among or involving CMD Group LLC, the Debtor and/or any Affiliates reflecting any agreement to share payroll, expenses, supplies and/or operating costs, and including all documents reflecting any formula or percentage for the allocation of such expenses between the Debtor and Affiliates.

11. All loan and credit agreements between Chase Bank on the one hand, and the Debtor and/or any Affiliate or Insider of the Debtor on the other hand, including without limitation, loans to Columbia Allergy and Asthma Clinic, LLC and successors in interest, from January 2017 through the present, and including the document or documents Debtor or its counsel have referred to as the "Global" loan or credit agreement.

12. QuickBooks records, Debtor's general ledger entries and any other records from February 14, 2018 through the present reflecting (a) the payment history on the

Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Affiliate or Insider of the debtor; and (c) any distributions to Sanjeev Jain.

13. All documents evidencing loans by CMD Group LLC to Debtor and/or any Affiliate or Insider of the Debtor.

14. All documents regarding or relating to the purchase of the Debtor, including its clinics, by Pacifica Medical Group LLC and/or Columbia, including, without limitation, documents and records regarding amount allegedly owed by the Debtor to Columbia and/or Pacifica as reflected on the Debtor's schedules, and all consideration and payments related thereto received by any Insider or Affiliate, including, without limitation, Sanjeev Jain, Columbia and Pacifica.

15. The Debtor's general ledger from February 14, 2018 through the present.

16.  Documents reflecting current contact and address information for each creditor of an Affiliate of the Debtor.

17. All documents reflecting any analysis of allegedly avoidable transfers by the Debtor to third parties.

18. Correspondence and ESI reflecting communications regarding any loan or loans made by Chase Bank to the Debtor, or any Insider or Affiliate of the Debtor, including without limitation, borrower correspondence, loan applications, loan and credit agreements, security agreements and guarantees, notices of delinquency, default, acceleration, loan modification, extensions, assignments, workout agreements or forgiveness.

19. All documents regarding or relating to any alleged claim of the Debtor indebtedness of the Debtor to Columbia, Pacifica, CMD Group, LLC and/or Sanjeev Jain.

20. Records, including, without limitation, all QuickBooks transaction reports, loan agreements and promissory notes, reflecting any transfers of money or property of the Debtor to anyone, including a description of the consideration received therefor, from February 14, 2018 through the present.

21. All documents underlying or tending to prove each claim listed as "undisputed" or "liquidated" on the Debtor's Schedules.

22. All written materials relating to any and all assignments or instructions regarding Chase Bank's disbursements of loan advances, lines of credit and repayment thereof, including, without limitation, assignments of any promissory notes.

# UNITED STATES BANKRUPTCY COURT

District of ____Oregon____

In re ____AAIM Care, LLC____          Case No. ___22-30228-thp-11___
                    Debtor

                                      Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To: ___Rajeev Jain_____

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

The examination will be recorded by this method: __Video and__
Stenographic_____

☐          *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See Exhibit A attached hereto

         The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

              CLERK OF COURT

                              OR

         _____          _____
         *Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Dr. Stephen Fritz,* who issues or requests this subpoena, are:    Susan S. Ford, OSB No. 842203, SUSSMAN SHANK LLP, 1000 SW Broadway, Suite 1400 Portland, OR 97205-3089; Telephone: (503) 227-1111

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

<u>Requests for Documents and Electronic Information to Debtor AAIM Care LLC, its Affiliates and Insiders (defined below):</u>

A.    DEFINITIONS:

The following definitions and subsections of 11 USC § 101 are incorporated herein by reference, and the entities to which they apply are listed as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC; Columbia Asthma & Allergy Clinic, I, P.C.; Pacifica Medical Group, LLC; Northwest Allergy and Asthma Specialists, LLC; Idaho Allergy, LLC;  CMD Group LLC; Dr. Sanjeev Jain; and Rajeev Jain; their respective predecessors and successors in interest, and any entity doing business under the name "Columbia Allergy", "Columbia Asthma & Allergy Clinic", or "Columbia Asthma & Allergy" or similar names in Oregon, California, Washington and Idaho.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the AAIM Care LLC bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31) "Insider", which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC aka Columbia Asthma & Allergy Clinic I, P. C. ("Columbia"), CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

(32) "Insolvent"

 "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company or corporation affiliated with the Debtor.

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain,  CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of the Debtor and/or its Affiliates.

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B.     "DOCUMENTS" for purposes of this request is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1.   Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2.   Originals and all copies of any and all communications;

3.   Writings of any kind or type whatsoever;

4.   Appointments;

5.   Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6.   QuickBooks records of any type, including ESI;

7.   Letters, notices and correspondence;

8.   Charts;

9.   Contracts, leases, loan and credit agreements, security agreements, guarantees and all amendments, assignments and extensions or restatements thereof;

10. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

11. Vouchers, receipts, invoices, bills, orders, billings, and checks;

12. Investigations or incident reports;

13. Files and records;

14. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

15. Computer disks, memories, e-mail, text/SMS messages, or any other computer-generated data; and

16. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

C.     REQUESTS FOR DOCUMENTS/ESI TO DEBTOR, AFFILIATES AND INSIDERS, including, without limitation, Sanjeev Jain, Rajeev Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC, Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates:

1. All timesheets and time records reflecting hours actually worked in person by each and every physician employed by or otherwise providing healthcare supervision or services at each clinic and healthcare business owned or operated by the Debtor and all Affiliates of the Debtor from January 1, 2018 through the present, including, without limitation, timesheets and time records reflecting hours worked by Dr. Sanjeev Jain.

2. All financial statements, including balance sheets, profit and loss and income statements, prepared from January 1, 2018 through the present on an individual or a consolidated basis, reflecting the assets and liabilities, income, profits and losses of:

   a.   The Debtor;
   b.   Each Affiliate of the Debtor;
   c.   Dr. Sanjeev Jain; and
   d.   Dr. Kiren Jain.

3. All documents, correspondence and electronic communications regarding any and all (a) Paycheck Protection Program Loans, including, including without limitation, the loan in the principal amount of $200,272 made by Chase Bank as reflected in proof of claim 9-1 to AAIM Care, LLC and/or to any Affiliates or Insiders of the Debtor; (b) any and all EIDL loans to Debtor and/or any of its Affiliates; (c) all documents regarding or relating to forgiveness or repayment of such loans, and (d) all transaction reports, bank statements and other documents reflecting deposits, withdrawals, transfers (including ACH) and expenditures of such loaned funds by the Debtor or any Affiliates and Insiders of the Debtor.

4. Documents reflecting the recipient, type and amount of all charges on the Chase Bank Credit Card by AAIM Care LLC prior to the Petition date, including, without limitation, charges included in Chase Bank Proof of Claim No. 5-1.

5. All operating agreements, bylaws, articles of incorporation, and other documents governing the Debtor and each Affiliate of the Debtor, and all amendments and restatements thereof.

6. Employment contracts, salary and benefits information for each physician working for the Debtor's clinics and/or the clinics of each Affiliate of the Debtor, including, without limitation, Dr. Sanjeev Jain, from 2016 through the present.

7. All purchase and sale agreements and related documents for the acquisition of any healthcare business(es) and clinics currently operated by the Debtor, any Insider or Affiliate of the Debtor.

8. Tax returns filed by the Debtor, any Affiliates and Insiders of the Debtor from 2018 through the present.

9. Debtor's general ledger, bank statements, QuickBooks transaction reports and records of any type, reflecting all receipts, payments and transfers of funds by the Debtor or any Affiliate or Insider of the Debtor for the acquisition of additional allergy clinics by any Affiliate or Insider of the Debtor, for "cashflow" purposes" or any other purpose from February 14, 2018 through the present.

   **Note**: This request includes documents and reconciliations reflecting Intercompany Loans between and among the Debtor and any Affiliates or Insiders for any purpose including, without limitation, cashflow issues, shared administrative expenses, the acquisition of clinics and healthcare businesses, and/or funding for tenant improvements from January 2018 through the present.

10. All contracts between, among or involving CMD Group LLC, the Debtor and/or any Affiliates reflecting any agreement to share payroll, expenses, supplies and/or operating costs, and including all documents reflecting any formula or percentage for the allocation of such expenses between the Debtor and Affiliates.

11. All loan and credit agreements between Chase Bank on the one hand, and the Debtor and/or any Affiliate or Insider of the Debtor on the other hand, including without limitation, loans to Columbia Allergy and Asthma Clinic, LLC and successors in interest, from January 2017 through the present, and including the document or documents Debtor or its counsel have referred to as the "Global" loan or credit agreement.

12. QuickBooks records, Debtor's general ledger entries and any other records from February 14, 2018 through the present reflecting (a) the payment history on the

Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Affiliate or Insider of the debtor; and (c) any distributions to Sanjeev Jain.

13. All documents evidencing loans by CMD Group LLC to Debtor and/or any Affiliate or Insider of the Debtor.

14. All documents regarding or relating to the purchase of the Debtor, including its clinics, by Pacifica Medical Group LLC and/or Columbia, including, without limitation, documents and records regarding amount allegedly owed by the Debtor to Columbia and/or Pacifica as reflected on the Debtor's schedules, and all consideration and payments related thereto received by any Insider or Affiliate, including, without limitation, Sanjeev Jain, Columbia and Pacifica.

15. The Debtor's general ledger from February 14, 2018 through the present.

16. Documents reflecting current contact and address information for each creditor of an Affiliate of the Debtor.

17. All documents reflecting any analysis of allegedly avoidable transfers by the Debtor to third parties.

18. Correspondence and ESI reflecting communications regarding any loan or loans made by Chase Bank to the Debtor, or any Insider or Affiliate of the Debtor, including without limitation, borrower correspondence, loan applications, loan and credit agreements, security agreements and guarantees, notices of delinquency, default, acceleration, loan modification, extensions, assignments, workout agreements or forgiveness.

19. All documents regarding or relating to any alleged claim of the Debtor indebtedness of the Debtor to Columbia, Pacifica, CMD Group, LLC and/or Sanjeev Jain.

20. Records, including, without limitation, all QuickBooks transaction reports, loan agreements and promissory notes, reflecting any transfers of money or property of the Debtor to anyone, including a description of the consideration received therefor, from February 14, 2018 through the present.

21. All documents underlying or tending to prove each claim listed as "undisputed" or "liquidated" on the Debtor's Schedules.

22. All written materials relating to any and all assignments or instructions regarding Chase Bank's disbursements of loan advances, lines of credit and repayment thereof, including, without limitation, assignments of any promissory notes.

B2540 (Form 2540 – Subpoena for Rule 2004 Examination) (12/15)

# UNITED STATES BANKRUPTCY COURT

District of ___Oregon___

In re ___AAIM Care, LLC___          Case No. ___22-30228-thp-11___
           Debtor

Chapter ___11___

## SUBPOENA FOR RULE 2004 EXAMINATION

To:   Chase Bank, NA_____
*(Name of person to whom the subpoena is directed)*

☐ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

| PLACE | DATE AND TIME |
|---|---|
| | |

The examination will be recorded by this method: ___Video and/or Stenographic___

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

See attached Exhibit B

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *Dr. Stephen Fritz M.D.* , who issues or requests this subpoena, are: Susan S. Ford, OSB No. 842203
SUSSMAN SHANK LLP, 1000 SW Broadway, Suite 1400
Portland, OR 97205-3089; Telephone: (503) 227-1111

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Documents and Electronic Information  Requests to Chase Bank relating to AAIM Care LLC, its Affiliates and Insiders (as defined below):

I.      DEFINITIONS:

      A.      The definitions of 11 USC § 101 referenced below apply, including additional terms as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC, Columbia Asthma & Allergy Clinic, I, P.C., Pacifica Medical Group, LLC, Northwest Allergy and Asthma Specialists, LLC, AAIM Care, LLC; Idaho Allergy, LLC, CMD Group LLC,  and their respective predecessors and successors in interest, Sanjeev Jain and Rajeev Jain;

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31)  "Insider," which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC and Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

(32)  "Insolvent"

"Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company  affiliated with the Debtor

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain,  CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of  Debtor and/or its Affiliates.

 (50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B. The term "Documents" is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2. Originals and all copies of any and all communications;

3. Writings of any kind or type whatsoever;

4. Appointments;

5. Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6. Letters, notices and correspondence;

7. Charts;

8. Contracts, loan and credit agreements, security agreements, guarantees and all assignments, amendments and extensions or restatements thereof;

9. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

10. Evidence of payment including receipts, billing statements and payment history and checks, wires and ACH transfers;

11. Investigations or incident reports;

12. Bank loan files and records;

13. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

14. Electronically stored information of any type, including without limitation,, e-mails, text/SMS messages, or any other computer-generated data; and

15. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

C. Requests for documents to JP Morgan Chase Bank N.A. (hereinafter "Chase Bank"):

1. All credit agreements and loan agreements between Chase Bank and the Debtor or any Affiliate(s) and/or Insiders of the Debtor, including Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P.C., and the loans and extensions of credit dated on or about January 15, 2019, February 12, 2019, February 19, 2019 and March 5, 2020, and all associated guarantees, promissory notes and security agreements related thereto including those attached to Chase Bank Proof of Claim No. 8-1. This request also includes any assignments, renewals, extensions, modifications, amendments replacements and restatements of the foregoing agreements, obligations, promissory notes and guarantees.

2. All non-privileged documents, including, loan applications and supporting documentation, including all balance sheets and financial statements in Chase Bank's possession regarding or relating to the Debtor, and/or any Affiliates and Insiders of the Debtor.

3. Correspondence and electronic communications between representatives of Chase Bank, including, without limitation, Peter H. White[1], and any representative, Insider or Affiliate of the Debtor, regarding or relating to any credit agreements, loan agreements and/or one or more of the loans referenced in Proof of Claim 8-1 from January 1, 2017 through the present.

4. All ledgers and documents reflecting the recipient(s) of each disbursement of money loaned or credit advanced by Chase Bank to Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic I, P. C., or its designee or assignee, including the Debtor and any Insider or Affiliate of the Debtor, by any means from January 1, 2017 through the present.

5. All Guarantees and replacements thereof provided to Chase Bank by any person(s) or entities other than AAIM Care LLC of any indebtedness, debts or liabilities owed to Chase Bank.

6. Chase Bank loan ledgers and records reflecting beginning balance, payment history and all expenditures and transfers of funds with respect to each term note and line of credit note included in Chase Bank Proof of Claim 8-1, including, without limitation, payments to Chase Bank.

7. All notices of non-payment, late payment, maturity and/or default issued by Chase Bank to the Debtor, and/or any Affiliates, and/or Insiders of the Debtor with respect to any loan included in Proof of Claim 8-1.

---

[1] Including in his capacity as a Business Relationship Manager for Chase Bank.

Case 22-30228-thp11    Doc 108    Filed 05/26/22

8. Any and all forbearance agreements, restructuring agreements, amended loan, credit, or security agreements, renewals, modifications, consolidations, extensions, assignments, substitutions, accelerations, deferrals, postponements of any loan obligations and all related correspondence and electronic communications with respect to any loan referenced in Chase Bank Proof of Claim 8-1.

9. All loan documents, electronic communications and correspondence between Chase Bank, on the one hand, and Sanjeev Jain, Rajeev Jain, and/or Kiren Jain, personally or in a representative capacity for Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic I, P. C ("Columbia"), the Debtor, or any Affiliate or Insider of the Debtor, from January 1, 2019 through the present, regarding or relating to a "leveraged buyout" or other transaction resulting in the Debtor becoming indebted to any of its Affiliates or Insiders, including, without limitation, Columbia and/or Pacifica Medical Group.

10. All documents, correspondence and electronic communications regarding the PPP Loan in the principal amount of $200,272 advanced by Chase Bank to AAIM Care, LLC, including, without limitation, all loan-related documents and applications, and all Chase Bank account statements reflecting deposits, withdrawals, transfers (including ACH) and all Debtor's applications and uses of PPP loan proceeds.

11. All documents regarding or relating to any application for forgiveness of the Debtor's PPP Loan, and any correspondence or electronic communications regarding the denial or granting of any application or request for loan forgiveness.

12. All documents and correspondence regarding or relating to the purchase by Sanjeev Jain of the health care business/allergy clinic in Idaho previously owned by Dr. Stephen Fritz M. D.

13. All borrowing base certificates, collateral reports and appraisals related to the loans Chase Bank made to Columbia and/or Columbia's assignees and/or designees as reflected in Proof of Claim 8-1.

1

2

3

4

5

6

7

8

9

10                      IN THE UNITED STATES BANKRUPTCY COURT

11                                  DISTRICT OF OREGON

12    In re:                                  )    Case No. 22-30228-thp11
                                              )
13    AAIM Care, LLC,                         )    ORDER GRANTING MOTION FOR
                                              )    ORDER AUTHORIZING RULE 2004
14                                            )    EXAMINATIONS OF DR. SANJEEV
             Debtor-in-Possession.            )    JAIN, RAJEEV JAIN AND CHASE BANK,
15                                            )    N.A. AND PRODUCTION OF
                                              )    DOCUMENTS
16    _____)

17           This matter came before the Court on interested party Stephen Fritz, M.D.'s Motion for

18    Order Authorizing Rule 2004 Examinations of Dr. Sanjeev Jain, Rajeev Jain, and Chase Bank,

19    N.A. and the production of documents (the "Motion"). The Court, having considered the Motion

20    and the Court's record and files, and finding the relief requested is warranted under the

21    circumstances, it is

22           ORDERED:

23           A.     The Motion is granted;

24                  1.     Dr. Sanjeev Jain and Rajeev Jain are ordered to produce the documents

25    requested from the Debtor pursuant to the Subpoena and request for documents attached as

26    Exhibit A to the Motion on or before June __, 2022 to Sussman Shank LLP, Attn: Susan S. Ford,

**Page 1 of 3** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1    1000 S.W. Broadway, Suite 1400, Portland, Oregon 97205, or electronically to
2    sford@sussmanshank.com.

3         2.    Dr. Sanjeev Jain is ordered to appear pursuant to Rule 2004 to be examined
4    under oath by video software such as Zoom on June___, 2022, or on such other date mutually
5    agreed upon by the parties, regarding the Debtor's assets, liabilities, and business relationships,
6    including, without limitation, with Chase Bank N.A. ("Chase Bank"), CMD Group LLC,
7    Columbia Asthma and Allergy Clinic I, Inc., and other Insiders and Affiliates of the Debtor as
8    defined and identified in Exhibit A to the Motion, documents produced pursuant to the subpoena,
9    reorganization intentions and prospects, transfers of the Debtor's property, and any matters related
10   to any of the foregoing;

11        3.    Rajeev Jain is ordered to appear pursuant to Rule 2004 to be examined under
12   oath by video software such as Zoom on June___, 2022, or on such other date mutually agreed
13   upon by the parties, regarding the Debtor's assets, liabilities, and business relationships, including,
14   without limitation, with Chase Bank, CMD Group LLC, Columbia Asthma and Allergy Clinic I,
15   Inc., and other Insiders and Affiliates of the Debtor as defined and identified in Exhibit A to the
16   Motion, documents produced pursuant to the subpoena, reorganization intentions and prospects,
17   transfers of the Debtor's property, and any matters related to any of the foregoing;

18        4.    Chase Bank is ordered to produce the documents requested from Chase
19   Bank pursuant to subpoena and the request for documents attached as Exhibit B to the Motion on
20   or before June __, 2022 to Sussman Shank LLP, Attn: Susan S. Ford, 1000 S.W. Broadway,
21   Suite 1400, Portland, Oregon 97205, or electronically to sford@sussmanshank.com; and

22        5.    A representative of Chase Bank with knowledge of the documents produced
23   pursuant to Section 4, above and the matters described on Exhibit B attached to the Motion is
24   ordered to appear pursuant to Rule 2004 to be examined under oath by video software such as
25   Zoom on June ___, 2022, or on such other date mutually agreed upon by the parties, relating to
26   the Debtor's assets, liabilities, and business relationships, including with Chase Bank, Columbia

**Page 2 of 3** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1 Asthma and Allergy Clinic I, Inc., and other Insiders and Affiliates of the Debtor as defined and

2 identified in Exhibit B to the Motion, documents produced pursuant to the subpoena,

3 reorganization prospects, transfers of the Debtor's money or property, and any matters related to

4 any of the foregoing.

5                                                  # # #

6                CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(A)

7        I certify that I have complied with the requirements of LBR 9021-1(a)(2)(A).

8
9  PRESENTED BY:

   SUSSMAN SHANK LLP
10

11
   Susan S. Ford, OSB No. 842203
12 Attorneys for Stephen M. Fritz, M.D

13 c:      ECF Participants

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 3 of 3** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1      <u>CERTIFICATE OF SERVICE</u>

2      I, Janine E. Hume declare as follows:

3      I am employed in the County of Multnomah, state of Oregon; I am over the age of eighteen

4      years and am not a party to this action; my business address is 1000 S.W. Broadway, Suite 1400,

5      Portland, Oregon 97205-3089, in said county and state.

6      I certify that on May 26, 2022, I served a **MOTION FOR ORDER AUTHORIZING**

7      **RULE 2004 EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN, AND CHASE**

8      **BANK, N.A.** the above-referenced document(s) on all ECF participants as indicated on the Court's

9      Cm/ECF system.

10     I swear under penalty of perjury that the foregoing is true and correct to the best of my

11     knowledge, information, and belief.

12     Dated: May 26, 2022.

13

14     */s/ Janine E. Hume*

15     Janine E. Hume, Legal Assistant

16

17

18

19

20

21

22

23

24

25

26

CERTIFICATE OF SERVICE - Page 1