

**SUSAN S. FORD**
Attorney | Admitted in Oregon & Washington
503.243.1657 *direct*
sford@sussmanshank.com

1000 SW Broadway, Suite 1400
Portland, Oregon 97205
503.227.1111 or 800.352.7078 *main*
503.248.0130 *fax*
sussmanshank.com

June 17, 2022

**VIA ECF**

The Honorable Teresa H. Pearson
U.S. Bankruptcy Court for
 The District of Oregon
1050 SW 6th Ave., Suite 700
Portland, OR 97204

      Re:   *In re AAIM Care, LLC*
              U.S. Bankruptcy Court for the District of Oregon
              Case No. 22-30228-thp11
              Our File No. 25685-002

Dear Judge Pearson:

As you know, our firm represents the movant, Stephen Fritz, M.D., in connection with his Motion for Rule 2004 Examination of the Debtor (including debtor-related entities) and Chase Bank N.A. ("Chase"). The purpose of this letter is to provide a status update to the Court following the hearing held on June 10, 2022.

The Court asked the parties to confer regarding the rulings made at the hearing and submit an order to be entered today. We have conferred with Chase and Debtor's counsel. Both have approved the form of order as compliant with the Court's rulings; however, we are still not in a position to be able to lodge the draft order at this time for the reasons explained below.

Yesterday, Debtor's counsel indicated for the first time that they intend to notify or remind the managers of the Debtor and "Debtor-Related Entities" (defined in exhibits to the proposed order) that Debtor's counsel will restrict its representation to the Debtor, only.[1] This issue was not contemplated at the time of the June 10 hearing, but after conferral with Debtor's counsel, Fritz agreed to create a separate exhibit at their request, in the interest of entering the proposed order as soon as possible. Accordingly, although there were only two exhibits reviewed at the June 10 hearing, there are now three exhibits to the proposed order: Exhibit A for Managers of the Debtor; Exhibit B for

---

[1] All the entities, including the Debtor, are managed by Dr. Sanjeev Jain, Rajeev Jain, and CMD Group LLC.

June 17, 2022
Page 2

Managers of Debtor-Related Entities (and the Debtor); and Exhibit C (formerly Exhibit B) for Chase.[2] The undersigned believes this change requires Fritz to individually serve the Managers with the proposed order and new Exhibit B (formerly part of Exhibit A) before it can be entered. Today, Debtor's counsel provided email addresses for the Managers for that purpose. Accordingly, we will now circulate the order to the Managers pursuant to Oregon LBR 9021-1 in the hope it can be lodged next week, assuming no objections are received.

The proposed order in its current form, including Exhibits A-C, is attached. We will lodge it at an appropriate time, notify the Court of any objections, or otherwise wait for further instructions, if any, from the Court.

Thank you for your consideration of this matter.

Very truly yours,

SUSSMAN SHANK LLP

*/s/ Susan S. Ford*

Susan S. Ford

SSF:jeh
c:      ECF Participants
        Dr. Sanjeev Jain
        Rajeev Jain and CMD Group, LLC
        Client
*25685-002\LETTER TO JUDGE PEARSON (04027396);1

---

[2] Notwithstanding this change for clarity of counsel's representation, debtor's counsel agreed that debtor will still be required to produce all responsive documents it has in its possession regarding the Debtor-Related Entities.

1

2

3

4

5

6

7

8

9

10          IN THE UNITED STATES BANKRUPTCY COURT

11                          DISTRICT OF OREGON

12  In re:                                  )     Case No. 22-30228-thp11
                                            )
13  AAIM Care, LLC,                         )     ORDER GRANTING MOTION FOR
                                            )     ORDER AUTHORIZING RULE 2004
14                                          )     EXAMINATIONS OF DR. SANJEEV
            Debtor-in-Possession.           )     JAIN, RAJEEV JAIN AND CHASE BANK,
15                                          )     N.A. AND PRODUCTION OF
                                            )     DOCUMENTS
16  _____)

17          This matter came before the Court on interested party Stephen Fritz, M.D.'s Motion for

18  Order Authorizing Rule 2004 Examinations of Dr. Sanjeev Jain, Rajeev Jain, CMD Group LLC

19  and Chase Bank, N.A. ("Chase") and the production of documents and electronically stored

20  information (the "Motion") [ECF 108]. The Court, having considered the Motion and the Court's

21  record and files, and finding that relief is warranted under the circumstances, it is

22          ORDERED:

23          1.      The Motion is granted as set forth herein;

24          2.      Dr. Sanjeev Jain, Rajeev Jain, CMD Group, LLC and the Debtor are ordered to

25  produce all documents and electronically stored information ("ESI") in their or the Debtor's

26  possession or control responsive to the requests set forth in Exhibit A to this order on or before a

SUSSMAN SHANK LLP, ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400, PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111, FACSIMILE (503) 248-0130

1    due date to be determined at the status conference scheduled for June 27, 2022 at 9:00 a.m. (the

2    "Scheduling Conference"). All responsive documents shall be produced to Dr. Fritz's attorneys

3    at Sussman Shank LLP, Attn: Susan S. Ford, in accordance with the instructions in Exhibits A and

4    B;

5           3.      At this time, Dr. Jain, Rajeev Jain, and the Debtor shall not be required to produce

6    Documents requested by Dr. Fritz reflecting current contact and address information for creditors

7    of Debtor-Related Entities (defined in Exhibit A). However, Dr. Fritz may renew this request on

8    an expedited basis in the event he decides to file a motion to substantively consolidate the Debtor's

9    estate with the assets and liabilities of one or more Debtor-Related Entities;

10          4.      At this time, Dr. Fritz's request to Chase to provide loan applications and

11   supporting documentation, including balance sheets and financial statements in its files, regarding

12   or relating to the Debtor and Debtor-Related Entities (as defined in Exhibit C attached hereto) is

13   denied without prejudice. Instead, the Debtor, Dr. Sanjeev Jain, and Rajeev Jain are ordered to

14   produce such documents to Dr. Fritz's attorneys on a due date to be determined at the Scheduling

15   Conference; provided, however, that if they fail to do so by the due date, Dr. Fritz may renew his

16   motion to require Chase to produce such documents;

17          5.      At this time, the Court denies, without prejudice, Dr. Fritz's request to Chase in

18   Exhibit C to provide electronic communications and correspondence between Chase Bank, on the

19   one hand, and Sanjeev Jain, Rajeev Jain, and/or Kiren Jain, personally or in a representative

20   capacity for Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic

21   I, P. C ("Columbia"), the Debtor, or any Affiliate or Insider of the Debtor, from January 1, 2019

22   through the present, regarding or relating to a "leveraged buyout" or other transaction resulting in

23   the Debtor becoming indebted to any of its Affiliates or Insiders, including, without limitation,

24   Columbia and/or Pacifica Medical Group. Instead, Debtor, Dr. Sanjeev Jain, and/or Rajeev Jain

25   shall be required to produce the documents responsive to this request by a due date to be

26   determined at the Scheduling Conference. However, in the event the Debtor, Dr. Sanjeev Jain, or

**Page 2 of 5** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1 Rajeev Jain fail to produce responsive documents, Dr. Fritz may renew his request to Chase to
2 produce the documents;

3       6. Dr. Sanjeev Jain, Rajeev Jain, and CMD Group, LLC are ordered to produce all
4 documents and electronically stored information ("ESI") responsive to the requests set forth in
5 Exhibit B to this order on or before a due date to be determined at the status conference scheduled
6 for June 27, 2022 at 9:00 a.m. (the "Scheduling Conference"). All responsive documents shall be
7 produced to Dr. Fritz's attorneys at Sussman Shank LLP, Attn: Susan S. Ford, in accordance with
8 the instructions in Exhibit B;

9       7. Dr. Sanjeev Jain and Mr. Rajeev Jain (collectively, the "Jains") are each
10 further Ordered to appear pursuant to Rule 2004 and be examined under oath by video software
11 such as Zoom, or in person if mutually agreed by the parties, on dates to be determined at the
12 Scheduling Conference, regarding the Debtor's assets, liabilities, loans, business relationships with
13 non-debtor affiliates, insiders, and Debtor-Related Entities, ability to confirm and perform the
14 proposed Plan of Reorganization dated May 1, 2022, and regarding all documents produced by
15 either of them, the Debtor or Chase Bank in response to the requests set forth on Exhibits A, B,
16 and C attached hereto;

17       8. Except as otherwise limited by this order, Chase Bank is ordered to produce all
18 documents responsive to the requests set forth in Exhibit C to this order, by a date to be determined
19 at the Scheduling Conference, and as may be further ordered by the Court in the event certain
20 documents listed on Exhibits A and B are not produced in a timely manner;

21       9. A designated representative of Chase Bank with knowledge of the documents
22 produced pursuant to Paragraph 8, above, including, without limitation, the documents described
23 on Exhibit C attached, is ordered to appear pursuant to Rule 2004 to be examined under oath by
24 video software such as Zoom, or in person if mutually agreed by the parties, on dates to be
25 determined at the Scheduling Conference, regarding the Debtor's assets, liabilities, loans, business
26 relationships with affiliates, insiders and Debtor-Related Entities, ability to confirm and perform

**Page 3 of 5** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1    the proposed Plan of Reorganization dated May 1, 2022, and all documents produced by the Jains,

2    the Debtor, and/or Chase Bank in response to the requests set forth on Exhibits A, B, and C

3    attached hereto; and

4           10.     To enable Chase to meet its production obligations as ordered herein, the Jains and

5    the Debtor are further ordered to provide Chase with tax identification numbers for Northwest

6    Allergy and Asthma Specialists LLC, CMD Group, LLC, and Rajeev Jain, and business addresses

7    for the entities they manage as well as a home address for Rajeev Jain at the time of the Scheduling

8    Conference.

9                                    # # #

10              <u>CERTIFICATION OF COMPLIANCE WITH LBR 9021-1(a)(2)(B)</u>

11         I certify that I have complied with the requirements of LBR 9021-1(a)(2)(B).

12

13         The undersigned responding party or its counsel stipulates to entry of this Order, agrees
that it correctly reflects the court's ruling, or waives circulation of the order:

14

15    _____
    **Dr. Sanjeev Jain**

16

17    _____
    **Rajeev Jain**

18

19    **CMD Group, LLC**

20    By: Rajeev Jain
    Its: _____

21

22    **AAIM Care, LLC, Debtor and Debtor-in-Possession**

23    */s/ Michael O'Brien*

24    By: Michael O'Brien, OSB No. 951056
    Its: Attorney

25

26

**Page 4 of 5** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

1    **Chase Bank, N.A.**

2    */s/ Steven Linkon*

3    By: Steven Linkon, WSBA No. 34896
     Its: Attorney

4    PRESENTED BY:

5    SUSSMAN SHANK LLP

6    */s/ Susan S. Ford*

7    Susan S. Ford, OSB No. 842203

8    Attorneys for Stephen M. Fritz, M.D

9    c:    ECF Participants

10    *25685-002\PROPOSED ORDER GRANTING MOTION RULE 2004 (04013086);4*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**Page 5 of 5** – ORDER GRANTING MOTION FOR ORDER AUTHORIZING RULE 2004
EXAMINATIONS OF DR. SANJEEV JAIN, RAJEEV JAIN AND CHASE BANK, N.A.
AND PRODUCTION OF DOCUMENTS

Requests for Documents and Electronic Information to Dr. Sanjeev Jain and Rajeev Jain Related to Debtor AAIM Care LLC:

I.     DEFINITIONS:

A. Bankruptcy Code Definitions: The following definitions of 11 USC § 101 are incorporated herein by  reference, and the entities to which they apply are as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC; Columbia Asthma & Allergy Clinic, I, P.C.; Pacifica Medical Group, LLC; CMD Group LLC; Dr. Sanjeev Jain; and Rajeev Jain; their respective predecessors and successors in interest, and any entity doing business under the name "Columbia Allergy," "Columbia Asthma & Allergy Clinic," or "Columbia Asthma & Allergy" or similar names in Oregon, California, Washington and Idaho.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the AAIM Care LLC bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31)(b), (c), (e) (f)   "Insider," which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr.  Kiren Jain, Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC aka Columbia Asthma & Allergy Clinic I, P. C. ("Columbia"), CMD Group LLC and any and all other Affiliates and Insiders of Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor, and all predecessors or successors in interest.

(32) "Insolvent"

 "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company or corporation affiliated with the Debtor.

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain,  CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of the Debtor and/or its Affiliates.

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B. "Debtor-Related Entities" means and includes: all entities that are identified as borrowers, guarantors, and/or providers of security/collateral for any Chase Bank loan, or referenced in any credit or loan agreement, including with respect to Chase Bank Proof of Claim No. 8-1, or who are listed as having a claim against the Debtor in Debtor's Schedules, including, without limitation:

- Columbia Asthma & Allergy Clinic, LLC;
- Columbia Asthma & Allergy Clinic I, P.C.;
- Allergy & Asthma Center of S.W. Washington;
- Pinnacle Imaging Services;
- Northwest Allergy and Asthma Specialists LLC*;
- Idaho Allergy, LLC
- Pacifica Medical Group, LLC
- Sanjeev Jain;
- Kiren Jain;
- CMD Group, LLC*; and
- Rajeev Jain*[1]

C.  "DOCUMENTS" for purposes of this request is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2. Originals and all copies of any and all communications;

3. Writings of any kind or type whatsoever;

4. Appointments;

---

[1] Items marked with and asterisk* above require Sanjeev and Rajeev Jain to provide a tax identification number to Chase Bank to enable searches for documents and ESI within Chase's possession as to the Debtor-Related Entities.

5.  Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6.  QuickBooks records of any type, including ESI;

7.  Letters, notices and correspondence;

8.  Charts;

9.  Contracts, leases, loan and credit agreements, security agreements, guarantees and all amendments, assignments and extensions or restatements thereof;

10. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

11. Vouchers, receipts, invoices, bills, orders, billings, and checks;

12. Investigations or incident reports;

13. Files and records;

14. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

15. Computer disks, memories, e-mail, text/SMS messages, or any other computer-generated data; and

16. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

II.  REQUESTS FOR DOCUMENTS/ESI TO: DR. SANJEEV JAIN, RAJEEV JAIN CMD GROUP LLC AND THE DEBTOR regarding the Debtor AAIM Care LLC, its Affiliates, Insiders, and all Debtor-Related Entities to the extent such documents and ESI are within the possession, custody or control of the Debtor, including persons and entities managing the Debtor:

Request No. 1: All timesheets and time records reflecting hours worked in person and the value thereof, by Dr. Sanjeev Jain for: Debtor, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P.C., Northwest Allergy and Asthma Specialists LLC, Idaho Allergy LLC, Allergy & Asthma Center of S.W. Washington, Pinnacle Imaging Services, Pacifica Medical Group LLC, and CMD Group, including all clinics operated by the foregoing Debtor-Related Entities from January 1, 2018 through the present.

Request No. 2: All financial statements, including balance sheets, profit and loss and income statements, prepared from January 1, 2018 through the present on an individual or a consolidated basis, reflecting the assets and liabilities, income, profits and losses of the Debtor-Related Entities, including all clinics operated by any of them, their predecessors or successors in interest.

Request No. 3: All documents and electronic communications regarding or reflecting the Debtor's uses of funds received from (a) Paycheck Protection Program Loan to AAIM Care, LLC, including, including without limitation, the loan in the principal amount of $200,272 made by Chase as reflected in proof of claim 9-1; and (b) any and all EIDL loans to Debtor and/or any Debtor-Related Entity. This request includes, but is not limited to transaction reports, bank statements and other documents reflecting deposits, withdrawals, transfers (including ACH) and expenditures of such loaned funds by the Debtor or any Debtor-Related Entities.

Request No. 4: All operating agreements, bylaws, articles of incorporation, and other documents governing the Debtor and each of the Debtor-Related Entities in effect (i.e. entity not formally dissolved) as of January 1, 2018 and all amendments and restatements thereof.

Request No. 5: Employment contracts, salary and benefits information for Dr. Sanjeev Jain with respect to each clinic operated by the Debtor or the Debtor-Related Entities, in effect at any time from January 1, 2018 through the present.

Request No. 6: All documents regarding a purchase of the Debtor by Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma and Allergy I, P.C. ("Columbia"), by which a claim was created as referenced in the Debtor's bankruptcy schedules for a "leveraged buyout" or other transaction that resulted in the Debtor becoming indebted to Pacifica or Columbia following the purchase of the Debtor. Records to be produced include, without limitation, purchase and sale agreement, loan agreements, electronic communications and correspondence involving Chase, Dr. Sanjeev Jain, Dr. Kiren Jain, (individually or as representative(s) of Columbia, Pacifica, or other Debtor-Related Entity) and documents reflecting amounts allegedly owed and/or paid, as well as any consideration received by the Debtor and/or Dr. Sanjeev Jain in connection with the purchase.

Request No. 7: Tax returns filed by the Debtor and all Debtor-Related Entities from 2018 through the present.[2]

Request No. 8: General ledgers, QuickBooks transaction reports (all types and for all accounts), and bank statements reflecting "allocations" of costs and expenses, and transfers of funds by and between the Debtor and each Debtor-Related Entity

---

[2] Dr. Sanjeev Jain and Rajeev Jain may redact social security and tax identification numbers and bank account numbers prior to production as provided in a protective order to be proposed by the Debtor and Chase.

for "cashflow" or any other purposes, including all inter-company loans or transfers between and among the Debtor and the Debtor-Related Entities from February 14, 2018 through the present.

**Note**: This request also includes records reflecting (a) the payment history on the Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Debtor-Related Entity, including Dr. Sanjeev Jain.

Request No. 9:  All contracts between, among or involving CMD Group LLC, the Debtor and/or any Debtor-Related Entities reflecting any agreement to share payroll, expenses, supplies and/or operating costs, and including all documents reflecting any formula or percentage for the allocation of such expenses between the Debtor and Affiliates from January 1, 2018 through the present.

Request No. 10: QuickBooks records, Debtor's general ledger entries and any other records from February 14, 2018 through the present reflecting (a) the payment history on the Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Affiliate or Insider of the debtor; and (c) any distributions to Sanjeev Jain. Fritz may also make a further request for production of transactional documents underlying the allocations or transfers reflected in the general ledgers, QuickBooks transaction reports and bank statements.[3]

Request No. 11:  All documents evidencing loans by CMD Group LLC to the Debtor and/or any Debtor-Related Entity.

Request No. 12: All documents reflecting any analysis of allegedly avoidable transfers by the Debtor to third parties.

Request No. 13: Correspondence and ESI regarding borrowing, repayment, forgiveness, security and guarantees relating to any loans provided by Chase to the Debtor, any Debtor-Related Entity or Entities, including without limitation, loan applications, loan and credit agreements, security agreements, guarantees, notices of delinquency, default, acceleration, loan modification, extensions, assignments, workout agreements or requests or applications for forgiveness from January 1,  2017 through the present.

Request No. 14: All documents regarding or relating to any alleged indebtedness of the Debtor to Columbia, Pacifica, CMD Group, LLC and/or Sanjeev Jain as

---

[3] Records of the Debtor and the Debtor-Related Entities within the possession or control of any accountants providing services to  CMD Group, LLC and/or the Debtor and the Debtor-Related Entities are also covered by this request.

reflected in the Debtor's schedules and documents underlying or tending to prove claims of Debtor-Related Entities that are listed as "undisputed" or "liquidated" on the Debtor's Schedules.

Request No. 15: All written materials relating to any assignments or instructions regarding Chase Bank's disbursements of loan advances, lines of credit and repayment thereof, including, without limitation, assignments of any promissory notes from January 1, 2017 through the present.

Request No. 16: All loan applications, and supporting documentation, including all balance sheets and financial statements regarding or relating to the debtor and/or any Debtor-Related Entities from January 1, 2017 through the present.

III.    INSTRUCTIONS FOR PRODUCING DOCUMENTS AND ESI RESPONSIVE TO EACH REQUEST:

A.    Electronically Stored Information ("ESI") shall be produced in native format (e.g. Emails and email file, word document as word document, excel as excel document) with metadata included. Documents produced in PDF shall be saved as individual files for each document, and not lumped together as one PDF file.

B.    In responding to each request for production, identify by label on each document or group of documents the numbered request to which the documents are responsive.

C.    If any document requested was, but no longer is, in existence or in Plaintiff's possession or subject to Plaintiff's control (for example, because of loss, destruction, transmittal to another person, etc.), specifically identify such document, state what disposition was made of it, the date of such disposition, and the reason for such disposition.

D.    If Plaintiff claims that any document requested herein is privileged, or is otherwise not subject to discovery, identify that document with sufficient particularity to allow its description in a Motion to Compel Production, and state the substantive basis of any claim or privilege or other objection to production.

E.    Each individual or entity will bates stamp their specific responsive documents to their requests with its own unique bates name/ number that correlates to that individual or entity and will upload them to the share file link below.

https://sussmanshank.sharefile.com/r-r6b1fcae57262448982e1067d14d06aca

<u>Requests for Documents and Electronic Information to Dr. Sanjeev Jain, Rajeev Jain and CMD Group, LLC Re Non-Debtor Entities:</u>

I.      DEFINITIONS:

A. Bankruptcy Code Definitions: The following definitions of 11 USC § 101 are incorporated herein by reference, and the entities to which they apply are as follows:

(2) "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC; Columbia Asthma & Allergy Clinic, I, P.C.; Pacifica Medical Group, LLC; CMD Group LLC; Dr. Sanjeev Jain; and Rajeev Jain; their respective predecessors and successors in interest, and any entity doing business under the name "Columbia Allergy," "Columbia Asthma & Allergy Clinic," or "Columbia Asthma & Allergy" or similar names in Oregon, California, Washington and Idaho.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the AAIM Care LLC bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31)(b), (c), (e) (f)   "Insider," which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr.  Kiren Jain, Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC aka Columbia Asthma & Allergy Clinic I, P. C. ("Columbia"), CMD Group LLC and any and all other Affiliates and Insiders of Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor, and all predecessors or successors in interest.

(32) "Insolvent"

 "Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person";  also includes any limited liability company or corporation affiliated with the Debtor.

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain, CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of the Debtor and/or its Affiliates.

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B. "Debtor-Related Entities" means and includes: all entities that are identified as borrowers, guarantors, and/or providers of security/collateral for any Chase Bank loan, or referenced in any credit or loan agreement, including with respect to Chase Bank Proof of Claim No. 8-1, or who are listed as having a claim against the Debtor in Debtor's Schedules, including, without limitation:

- Columbia Asthma & Allergy Clinic, LLC;
- Columbia Asthma & Allergy Clinic I, P.C.;
- Allergy & Asthma Center of S.W. Washington;
- Pinnacle Imaging Services;
- Northwest Allergy and Asthma Specialists LLC*;
- Idaho Allergy, LLC
- Pacifica Medical Group, LLC
- Sanjeev Jain;
- Kiren Jain;
- CMD Group, LLC*; and
- Rajeev Jain*[1]

C. "DOCUMENTS" for purposes of this request is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2. Originals and all copies of any and all communications;

3. Writings of any kind or type whatsoever;

4. Appointments;

---

[1] Items marked with and asterisk* above require Sanjeev and Rajeev Jain to provide a tax identification number to Chase Bank to enable searches for documents and ESI within Chase's possession as to the Debtor-Related Entities.

5. Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6. QuickBooks records of any type, including ESI;

7. Letters, notices and correspondence;

8. Charts;

9. Contracts, leases, loan and credit agreements, security agreements, guaranties and all amendments, assignments and extensions or restatements thereof;

10. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

11. Vouchers, receipts, invoices, bills, orders, billings, and checks;

12. Investigations or incident reports;

13. Files and records;

14. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

15. Computer disks, memories, e-mail, text/SMS messages, or any other computer-generated data; and

16. Drafts or copies of any of the above.

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

II. REQUESTS FOR DOCUMENTS/ESI TO: DR. SANJEEV JAIN, RAJEEV JAIN CMD GROUP LLC regarding Affiliates and Insiders of the Debtor, and all Debtor-Related Entities:

Request No. 1: All timesheets and time records reflecting hours worked in person and the value thereof, by Dr. Sanjeev Jain for: Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P.C., Northwest Allergy and Asthma Specialists LLC, Idaho Allergy LLC, Allergy & Asthma Center of S.W. Washington, Pinnacle Imaging Services, Pacifica Medical Group LLC, and CMD Group, including all clinics operated by the foregoing Debtor-Related Entities from January 1, 2018 through the present.

Request No. 2: All financial statements, including balance sheets, profit and loss and income statements, prepared from January 1, 2018 through the present on an individual or a consolidated basis, reflecting the assets and liabilities, income, profits and losses of the Debtor-Related Entities, including all clinics operated by any of them, their predecessors or successors in interest.

Request No. 3: All documents and electronic communications regarding or reflecting the Debtor's uses of funds received from (a) Paycheck Protection Program Loan to AAIM Care, LLC, including, including without limitation, the loan in the principal amount of $200,272 made by Chase as reflected in proof of claim 9-1; and (b) any and all EIDL loans to Debtor and/or any Debtor-Related Entity. This request includes, but is not limited to transaction reports, bank statements and other documents reflecting deposits, withdrawals, transfers (including ACH) and expenditures of such loaned funds by the Debtor or any Debtor-Related Entities.

Request No. 4: All operating agreements, bylaws, articles of incorporation, and other documents governing each of the Debtor-Related Entities in effect (i.e. entity not formally dissolved) as of January 1, 2018 and all amendments and restatements thereof.

Request No. 4: Employment contracts, salary and benefits information for Dr. Sanjeev Jain with respect to each clinic operated by the Debtor-Related Entities, in effect at any time from January 1, 2018 through the present.

Request No. 5: All documents regarding a purchase of the Debtor by Pacifica Medical Group, LLC ("Pacifica"), Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma and Allergy I, P.C. ("Columbia"), by which a claim was created as referenced in the Debtor's bankruptcy schedules for a "leveraged buyout" or other transaction that resulted in the Debtor becoming indebted to Pacifica or Columbia following the purchase of the Debtor. Records to be produced include, without limitation, purchase and sale agreement, loan agreements, electronic communications and correspondence involving Chase, Dr. Sanjeev Jain, Dr. Kiren Jain, (individually or as representative(s) of Columbia, Pacifica, or other Debtor-Related Entity) and documents reflecting amounts allegedly owed and/or paid, as well as any consideration received by the Debtor, any Debtor-Related Entity and/or Dr. Sanjeev Jain in connection with the purchase.

Request No. 6: Tax returns filed by all Debtor-Related Entities from 2018 through the present.[2]

Request No. 7: General ledgers, QuickBooks transaction reports (all types and for all accounts), and bank statements reflecting "allocations" of costs and expenses,

---

[2] Dr. Sanjeev Jain and Rajeev Jain may redact social security and tax identification numbers and bank account numbers prior to production as provided in a protective order to be proposed by the Debtor and Chase.

and transfers of funds by and between the Debtor and each Debtor-Related Entity for "cashflow" or any other purposes, including all inter-company loans or transfers between and among the Debtor and the Debtor-Related Entities from February 14, 2018 through the present.

**Note**: This request also includes records reflecting (a) the payment history on the Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Debtor-Related Entity, including Dr. Sanjeev Jain. Fritz may also make a further request for production of transactional documents underlying the allocations or transfers reflected in the general ledgers, QuickBooks transaction reports and bank statements.[3]

Request No. 8:  All contracts between, among or involving CMD Group LLC, the and/or any Debtor-Related Entities reflecting any agreement to share payroll, expenses, supplies and/or operating costs, and including all documents reflecting any formula or percentage for the allocation of such expenses between the Debtor and Affiliates or Debtor-Related Entities from January 1, 2018 through the present.

Request No. 9: QuickBooks records, general ledger entries and any other records from February 14, 2018 through the present reflecting (a) the payment history on the Chase Bank loans described in Proof of Claim No. 8-1, including the identity of the payor(s) and date of each payment; (b) payments on any and all other loans made by any person or entity to any Affiliate or Insider of the debtor or any Debtor-Related Entity; and (c) any distributions to Sanjeev Jain or Debtor-Related Entity.

Request No. 10:  All documents evidencing loans by CMD Group LLC to the any Debtor-Related Entity.

Request No. 11: All documents reflecting any analysis of allegedly avoidable transfers by the Debtor to third parties.

Request No. 12: Correspondence and ESI regarding borrowing, repayment, forgiveness, security and guarantees relating to any loans provided by Chase to the Debtor, and/or any Debtor-Related Entity or Entities, including without limitation, loan applications, loan and credit agreements, security agreements, guarantees, notices of delinquency, default, acceleration, loan modification, extensions, assignments, workout agreements or requests or applications for forgiveness from January 1,  2017 through the present.

---

[3] Records of the Debtor and the Debtor-Related Entities within the possession or control of any accountants providing services to  CMD Group, LLC and/or the Debtor and the Debtor-Related Entities are also covered by this request.

Request No. 13: All documents regarding or relating to any alleged indebtedness of the Debtor to Columbia, Pacifica, CMD Group, LLC and/or Sanjeev Jain as reflected in the Debtor's schedules and documents underlying or tending to prove claims of Debtor-Related Entities that are listed as "undisputed" or "liquidated" on the Debtor's Schedules.

Request No. 14: All written materials relating to any assignments or instructions regarding  Chase Bank's disbursements of loan advances, lines of credit and repayment thereof, including, without limitation, assignments of any promissory notes from January 1, 2017 through the present.

Request No. 15: All loan applications, and supporting documentation, including all balance sheets and financial statements regarding or relating to Debtor  and/or any Debtor-Related Entities from January 1, 2017 through the present.

III.     INSTRUCTIONS FOR PRODUCING DOCUMENTS AND ESI RESPONSIVE TO EACH REQUEST:

A.     Electronically Stored Information ("ESI") shall be produced in native format (e.g. Emails and email file, word document as word document, excel as excel document) with metadata included.  Documents produced in PDF shall be saved as individual files for each document, and not lumped together as one PDF file.

B.     In responding to each request for production, identify by label on each document or group of documents the numbered request to which the documents are responsive.

C.     If any document requested was, but no longer is, in existence or in Plaintiff's possession or subject to Plaintiff's control (for example, because of loss, destruction, transmittal to another person, etc.), specifically identify such document, state what disposition was made of it, the date of such disposition, and the reason for such disposition.

D.     If Plaintiff claims that any document requested herein is privileged, or is otherwise not subject to discovery, identify that document with sufficient particularity to allow its description in a Motion to Compel Production, and state the substantive basis of any claim or privilege or other objection to production.

/ / /

/ / /

E.     Each individual or entity will bates stamp their specific responsive documents to their requests with its own unique bates name/ number that correlates to that individual or entity and will upload them to the share file link below.

https://sussmanshank.sharefile.com/r-r6b1fcae57262448982e1067d14d06aca

<u>EXHIBIT C:</u>

<u>Requests for Documents and Electronic Information  Requests to Chase Bank Related to Debtor AAIM Care LLC ("Debtor") and Debtor-Related Entities (defined below):</u>

I.      DEFINITIONS:

A.     The definitions of 11 USC § 101 referenced below apply, including additional terms as follows:

(2) "Affiliate," "Affiliate," which includes Columbia Asthma & Allergy Clinic, LLC, Columbia Asthma & Allergy Clinic, I, P.C., Pacifica Medical Group, LLC, Northwest Allergy and Asthma Specialists, LLC, AAIM Care, LLC; Idaho Allergy, LLC, CMD Group LLC,  and their respective predecessors and successors in interest, Sanjeev Jain and Rajeev Jain.

(5) "Claim" includes all claims listed by the Debtor on its Schedules and all proofs of claim filed by any person or entity in the bankruptcy case.

(12) "Debt"

(13) "Debtor"

(15)  "Entity"

(27A)  "Health Care Business"

(31)  "Insider," which includes, without limitation, Dr. Sanjeev Jain, Rajeev Jain, Dr. Kiren Jain, Pacifica Medical Group, LLC, Columbia Asthma & Allergy Clinic LLC, Columbia Asthma & Allergy Clinic I, P. C., CMD Group LLC, Northwest Allergy LLC and Idaho Allergy LLC and any and all other Affiliates of the Debtor (not limited to those identified hereinabove), and all managing agents, owners, operators and persons in control of the Debtor and/or its Affiliates, and all predecessors or successors in interest.

(32) "Insolvent"

"Intercompany Loan" means any loan, advance, or transfer of funds for any purpose made by or to the Debtor to or from any Affiliate and/or Insider.

(41) "Person":  also includes any limited liability company  affiliated with the Debtor

(42) "Petition"

"Representative of the Debtor or Affiliate" includes, without limitation, Sanjeev Jain, Rajeev Jain,  CMD Group LLC, Chugh Accounting and any other person or entity exercising decision-making authority or management of  Debtor and/or its Affiliates.

Exhibit C
Page 1 of 5

Case 22-30228-thp11   Doc 120   Filed 06/17/22

(50), (51) "Security Agreement" and "Security Interest"

(54) "Transfer"

B. The term "Documents" is intended in the broadest sense, and includes all forms of electronically stored information ("ESI") and the following:

1. Tangible things or items, whether handwritten, typed, printed, tape recorded, electronically recorded, videotape recorded, visually reproduced, stenographically reproduced, computer generated or reproduced in any other manner;

2. Originals and all copies of any and all communications;

3. Writings of any kind or type whatsoever;

4. Appointments;

5. Cables, wires, memoranda, reports, notes, minutes, and interoffice communications;

6. Letters, notices and correspondence;

7. Charts;

8. Contracts, loan and credit agreements, security agreements, guarantees and all assignments, amendments and extensions or restatements thereof;

9. Other legal instruments or official documents, including LLC operating agreements, articles of incorporation, bylaws, stock purchase agreements;

10. Evidence of payment including receipts, billing statements and payment history and checks, wires and ACH transfers;

11. Investigations or incident reports;

12. Bank loan files and records;

13. Notes or summaries of conferences, meetings, discussions, interviews or telephone conversations or messages;

14. Electronically stored information of any type, including without limitation,, e-mails, text/SMS messages, or any other computer-generated data; and

15. Drafts or copies of any of the above.

Exhibit C
Page 2 of 5

Case 22-30228-thp11   Doc 120   Filed 06/17/22

However, "Documents" does not include communications between attorney and client protected by the attorney-client privilege.

## II. REQUESTS FOR DOCUMENTS TO JP MORGAN CHASE BANK N.A.

"Chase") regarding the Debtor AAIM Care LLC, Debtor's Affiliates, Insiders, and all entities that are borrowers, guarantors, and/or provided security/collateral and/or are referenced in any Chase loan or credit agreement, including with respect to Chase Bank Proof of Claim No. 8-1, or who are listed as having a claim against the Debtor in Debtor's Schedules, including, without limitation:

- Columbia Asthma & Allergy Clinic, LLC;
- Columbia Asthma & Allergy Clinic I, P.C.;
- Allergy & Asthma Center of S.W. Washington;
- Pinnacle Imaging Services;
- Northwest Allergy and Asthma Specialists LLC*;
- Idaho Allergy, LLC
- Pacifica Medical Group, LLC
- Sanjeev Jain;
- Kiren Jain;
- CMD Group, LLC*;
- Rajeev Jain*; and
  (Each, a "Debtor-Related Entity" and, collectively, the "Debtor-Related Entities").

  Note: Items marked with and asterisk* require Sanjeev and Rajeev Jain to provide a tax identification number to Chase to enable searches for documents and ESI within Chase's possession as to the Debtor-Related Entity.

Request No. 1: All credit agreements, loan agreements and related documents between Chase and the Debtor and/or Chase and any Debtor-Related Entity, including, without limitation, loans and extensions of credit on or about January 31, 2017, January 5, 2019, February 12, 2019, February 19, 2019 and March 5, 2020 included in Chase Proof of Claim No. 8-1, all guarantees (secured and unsecured) thereof, and promissory notes, security agreements and UCC financing statements related thereto. This request also includes documents and correspondence reflecting any assignments, forbearance agreements, restructuring agreements, amendments, waivers, renewals, extensions, modifications, replacements and restatements of any of the above-described documents.

Request No. 2: All loan agreements, promissory notes and related documents regarding any Paycheck Protection Program ("PPP") loans and any EIDL Loans made by Chase to the Debtor or any Debtor-Related Entity, and any requests or applications for forgiveness of such loans. This request includes, but is not limited to, the Paycheck Protection Program loan made by Chase to the Debtor as reflected in Chase Proof of Claim 9-1.

Exhibit C
Page 3 of 5

Case 22-30228-thp11    Doc 120    Filed 06/17/22

Request No. 3: Correspondence and electronic communications between representatives of Chase Bank, including, without limitation, Peter H. White[1], and any representative, Insider or Affiliate of the Debtor, reflecting any modifications, forbearance, waiver, or extension of credit agreements, loan agreements and/or one or more of the loans referenced in Proof of Claim 8-1 from January 1, 2017 through the present.

Request No. 4: All transaction history documents reflecting the recipient(s) of each disbursement of money loaned or credit advanced by Chase Bank to Columbia Asthma & Allergy Clinic LLC and/or Columbia Asthma & Allergy Clinic I, P. C., or its designees or assignees, including the Debtor and any Debtor-Related Entities, by any means from January 1, 2017 through the present.

Request No. 5: Chase Bank transaction histories reflecting beginning balance, payment history and all expenditures and transfers of funds with respect to each term note and line of credit note included in Chase Bank Proof of Claim 8-1, including, without limitation, payments to Chase Bank.

Request No. 6: All notices of non-payment, late payment, maturity and/or default issued by Chase Bank to the Debtor and any Debtor-Related Entities, and/or any Affiliates with respect to any loans included in Proof of Claim 8-1.

Request No. 7: Any and all forbearance agreements, restructuring agreements, amended loan, credit, or security agreements, renewals, modifications, consolidations, extensions, assignments, substitutions, accelerations, deferrals, postponements of any loan obligations and all related correspondence and electronic communications with respect to any loan referenced in Chase Bank Proof of Claim 8-1.

Request No. 8: All documents, correspondence and electronic communications regarding the PPP Loan in the principal amount of $200,272 advanced by Chase Bank to AAIM Care, LLC, including, without limitation, all loan-related documents and applications, and all Chase Bank account statements reflecting deposits, withdrawals, transfers (including ACH) and all Debtor's applications and uses of PPP loan proceeds.

Request No. 9: All documents regarding or relating to any application for forgiveness of the Debtor's PPP Loan, and any correspondence or electronic communications regarding the denial or granting of any application or request for loan forgiveness.

Request No. 10: All borrowing base certificates, collateral reports and appraisals related to the loans Chase Bank made as reflected in Proof of Claim 8-1.

III. INSTRUCTIONS FOR PRODUCTION OF DOCUMENTS AND ESI:

A.    Electronically Stored Information ("ESI") shall be produced in native format (ex.

Emails and email file, word document as word document, excel as excel document) with

---

[1] Including in his capacity as a Business Relationship Manager for Chase Bank.

Exhibit C
Page 4 of 5

Case 22-30228-thp11    Doc 120    Filed 06/17/22

metadata included.  Documents produced in PDF shall be saved as individual files for each document, and not lumped together as one PDF file.

B.     In responding to each request for production, identify by label on each document or group of documents the respondent numbered request to which the documents are responsive.

C.     If any document requested was, but no longer is, in existence or in Plaintiff's possession or subject to Plaintiff's control (for example, because of loss, destruction, transmittal to another person, etc.), specifically identify such document, state what disposition was made of it, the date of such disposition, and the reason for such disposition.

D.     If Respondent claims that any document requested herein is privileged, or is otherwise not subject to discovery, identify that document with sufficient particularity to allow its description in a Motion to Compel Production, and state the substantive basis of any claim or privilege or other objection to production.

E.     Each individual or entity will bates stamp their specific responsive documents to their requests with its own unique bates name/ number that correlates to that individual or entity and will upload them to the share file link below.

https://sussmanshank.sharefile.com/r-r6b1fcae57262448982e1067d14d06aca

Exhibit C
Page 5 of 5

Case 22-30228-thp11    Doc 120    Filed 06/17/22