Below is an order of the court.

*Teresa H. Pearson*
TERESA H. PEARSON
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>AAIM Care, LLC<br><br>Debtor(s). | Case No. 22-30228-thp11<br><br>ORDER ON DEBTOR'S MOTION FOR DISMISSAL OF CHAPTER 11 CASE AND CREDITOR DR. FRITZ' CROSS-MOTION FOR REMOVAL OF DEBTOR FROM POSSESSION |

    This matter came before the court on (i) Debtor's Motion for Dismissal of Chapter 11 Case (ECF 142), (ii) Creditor Stephen B. Fritz' Objection to Motion for Voluntary Dismissal of Case Under 11 U.S.C. § 1112(b)(1) and Cross-Motion for Removal of Debtor from Possession (ECF 153), and (iii) Debtor's Motion to Extend Deadline to Produce Documents (ECF 157). The court held an evidentiary hearing on these motions on September 9, 2022, and an additional non-evidentiary hearing on September 14, 2022.

    The court found that cause exists under 11 U.S.C. § 1112(b)(4)(E) and 11 U.S.C. § 1185(a) for the court to take action in this matter, based on the debtor's continued failure to comply with (i) the court's Order Granting Motion for Order Authorizing Rule 2004 Examinations of Dr. Sanjeev Jain, Rajeev Jain and Chase Bank, N.A. and Production of Documents (ECF 125), which required Debtor to produce certain documents in its possession or

Page 1 of 2 - ORDER ON DEBTOR'S MOTION FOR DISMISSAL OF CHAPTER 11 CASE AND CREDITOR DR. FRITZ' CROSS-MOTION FOR REMOVAL OF DEBTOR FROM POSSESSION

Case 22-30228-thp11 Doc 184 Filed 09/14/22

control, and (ii) the court's Order Requiring Provision of Information to Patient Care Ombudsman (ECF 138) (collectively, the "Production Orders").

The court has considered all the potential options in this case available to redress this cause, including but not limited to dismissal of the case, removal of the debtor from possession, and conversion of the case to chapter 7. The court finds that dismissal of the case is not in the best interests of creditors, because it would simply move these disputes to another forum. The court further finds that debtor's request for dismissal is not in good faith, as it was made simply to avoid compliance with the Production Orders. The court finds that removal of the debtor from possession and allowing the SubChapter V trustee to operate the business is not in the best interests of creditors, given that the SubChapter V trustee does not have expertise in running a medical business and cannot propose a plan. The court finds that appointment of a chapter 11 trustee (if the case were removed from SubChapter V) is not economically feasible, given the lack of resources to pay a chapter 11 trustee.

Now, therefore, based on the evidence and testimony presented, the arguments of counsel, and the records and files of this case, the findings set forth above, and for the additional reasons stated during the hearings, it is hereby

ORDERED that if the debtor does not comply with the Production Orders by **September 28, 2022**, this case will be converted to chapter 7. The court will hold a further hearing on **September 29, 2022, at 10:30 a.m.** by videoconference, to hear from the parties regarding (i) whether the debtor complied with the Production Orders, and (ii) if not, the logistics for prompt conversion of this debtor's business to chapter 7 in an orderly manner.

IT IS FURTHER ORDERED that the debtor's Motion to Extend Deadline to Produce Documents is denied. The motion was filed after the deadlines for production of documents, and the debtor has failed to show excusable neglect as required by Fed. R. Bankr. P. 9006(b)(1).

# # #

Page 2 of 2 -   ORDER ON DEBTOR'S MOTION FOR DISMISSAL OF CHAPTER 11 CASE AND CREDITOR DR. FRITZ' CROSS-MOTION FOR REMOVAL OF DEBTOR FROM POSSESSION

Case 22-30228-thp11    Doc 184    Filed 09/14/22